Eugene Bouscher, Respondent, *v.* Charles D. Larkins, Appellant.

*Real estate broker — not entitled to commissions if he abandons a trade.*

If a broker abandons a proposed trade or relinquishes his efforts to effect the same, the principal is not precluded from negotiating therefor with any person whom the broker has introduced to him, and upon a trade being made with such a person the broker is not entitled to commissions.

Appeal by the defendant, Charles D. Larkins, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 6th day of April, 1894, upon the verdict of a jury rendered after a trial at the Kings County

Circuit, and also from an order entered in said clerk's office on the 11th day of April, 1894, denying the defendant's motion for a new trial made upon the minutes.

*George D. Beattys*, for the appellant.

*Warner & Terry*, for the respondent.

PRATT, J.:

This is an appeal from a judgment entered upon the verdict of a jury and from an order denying a motion for a new trial.

The action was brought by an assignee of a real estate broker to recover commissions for the sole benefit of the assignor, who claimed to have earned the commissions by effecting an exchange of property belonging to the defendant with one Burr Wilson.

It appeared in evidence that the assignor, one Swartz, was employed by the defendant as a broker, and that he attempted to negotiate a trade with one Reynolds of the farm of the defendant, situated in Saratoga, for two houses on Lewis avenue and one house on Lexington avenue in the city of Brooklyn (which did not belong to Reynolds), but said negotiations never resulted in a trade. Indeed, Reynolds refused all offers made by defendant, and Swartz, although requested by the defendant, refused to negotiate further, and abandoned the matter, and it was declared off. The defendant afterwards learned from Reynolds that one Burr Wilson had become owner of the Lewis avenue houses, and opened negotiations with him and effected a trade. Swartz had nothing to do with this last trade, and, so far as appears, did not know Wilson or of any negotiations between him and the defendant.

The decided weight of evidence upon the question whether the trade was entirely abandoned and Swartz refused to go further with Reynolds or Haskis, the original parties with whom negotiations had been carried on, is to the effect that it was abandoned and declared off.

The said Swartz did, however, attempt to secure some new parties who owned property in the city of New York, but no result was obtained therefrom.

The well-settled rule is that if a broker abandons the trade or relin-

quishes his efforts, the principal is not precluded from negotiating with any person whom the broker has introduced; the broker is not entitled to commissions. (*Wylie* v. *Marine Nat. Bank*, 61 N. Y. 415; *Sibbald* v. *Bethlehem Iron Co.*, 83 id. 378; *Hay* v. *Platt*, 66 Hun, 488.)

We also think that the evidence was in favor of $250 instead of $500 as the amount of commissions Swartz was to receive in case he effected a sale.

If these views are correct, it follows that the judgment must be set aside and a new trial granted.

Brown, P. J., and Dykman, J., concurred.

Judgment and order denying motion for new trial reversed, and new trial granted, costs to abide the event.