### SCHWAB v. CAULDWELL AVE. CO.

(Supreme Court, Appellate Term. April 8, 1910.)

BROKERS (§ 46*)—COMPENSATION—SUFFICIENCY OF SERVICES.

> A broker, employed to raise a loan secured by mortgage, cannot recover for his services, where he abandons negotiations, without any inducement on the part of the principal, before they were consummated, and the principal consummated negotiations direct with the lender thereafter, and where he is not the procuring cause in effecting the loan.
>
> [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 47; Dec. Dig. § 46.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Emil Schwab against the Cauldwell Avenue Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

Jay C. Guggenheimer, for appellant.

Henry M. Flateau, for respondent.

·GAVEGAN, J. The action by the plaintiff, a real estate broker, was to recover commissions for the raising of a loan to be secured by a mortgage on real estate in the city of New York. The plaintiff has not sustained the burden of proving that he ever brought the defendant and the lender together, or that his efforts ever led to any negotiations between the parties, or that the loan was effected through the plaintiff's agency as a procuring cause.

Assuming that the plaintiff was employed as broker by the defendant, it appears from the testimony of the plaintiff's own witness and representative that he abandoned· negotiations, without any inducement on the part of the defendant, before they were consummated, and that the defendant resumed and consummated negotiations direct with the lender thereafter. Bouscher v. Larkins, 84 Hun, 288, 32 N. Y. Supp. 305; Wylie v. Marine Bank, 61 N. Y. 415. Moreover, it

was shown by undisputed evidence that the plaintiff was not the pro-curing cause in effecting the loan, which was the subject of the ne-gotiations between the defendant and the lender long prior to the plaintiff's intervention.

Judgment reversed, as against the weight of evidence, and a new trial granted, with costs to the appellant to abide the event. All concur.